UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LINDA SHEEHAN ANDERSON,

            Plaintiff,

    v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

            Defendant.

CASE NO.  C06-1112RSM

MEMORANDUM ORDER
GRANTING DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT AND DENYING
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT

## I.  INTRODUCTION

This matter comes before the Court on plaintiff's Motion for Summary Judgment and Defendant's Cross-Motion for Summary Judgment.  (Dkts. #28 and #35).  Plaintiff argues that the minor child involved in the underlying accident, M.A., is not excluded from either underinsured motorist coverage ("UIM") or personal injury protection coverage ("PIP") under defendant's insurance policies issued to her father.  Defendant answers that M.A. is excluded from coverage by the "regular use" exclusion.[1]  Defendant also argues that, should the Court find in its favor on the

---

[1] The Court makes note of two issues.  First, defendant notes that plaintiff pleaded coverage under UIM alone; however, because plaintiff moves on both UIM and PIP coverage, defendant waives any objection to the PIP issue and deems the pleadings amended to conform to the evidence.  *See* Fed. R. Civ. P. 15(b).  This Court will also so deem.  Second, defendant notes that there are two policies issued

MEMORANDUM ORDER
PAGE - 1

exclusion issue, plaintiff's negligence, bad faith and Consumer Protection Act ("CPA") claims should also be dismissed.  For the reasons set forth below, the Court agrees with defendant, GRANTS defendant's motion for summary judgment, and DENIES plaintiff's motion for summary judgment.

## II.  DISCUSSION.

### A.  Background

The following facts are not in dispute.  (Dkt. #27).  Plaintiff, Linda Sheehan Anderson, is the mother of minor child M.A.  On September 8, 2005, eight-year-old M.A. was riding with her mother in her mother's 2000 Saturn Wagon.  Plaintiff was driving and M.A. sat directly behind her in the backseat.  While plaintiff was waiting at an intersection to make a lefthand turn, another driver, Anthony Estrada, ran a red light and hit plaintiff in the left rear door of plaintiff's vehicle.  As a result, M.A. suffered serious injuries, including profound brain damage.  Mr. Estrada carried an insurance policy with a liability limit of $25,000.  That amount has been tendered to plaintiff.  The parties agree that Mr. Estrada's liability to M.A. exceeds that limit.

M.A.'s parents, plaintiff and Edward Anderson are now, and were at the time of the accident, divorced.  They maintain separate households, automobiles and policies of insurance.  Plaintiff had a car insurance policy issued by defendant that was in effect at the time of the accident.[2]  That policy contained UIM limits of $50,000 per person.  That amount has been tendered to plaintiff.

Mr. Anderson also had two insurance policies issued by defendant in effect at the time of the accident.  Those policies had UIM limits of $250,000 per person.  The parties agree that M.A.

---

to M.A.'s father, but plaintiff only references one of them.  Defendant argues, and the Court agrees, that because the language in both policies is identical, any decision by this Court applies to both policies with equal force.

[2] The Court refers here, as in much of the following discussion, to plaintiff in her individual capacity as the driver and insured.  That is to be distinguished from her capacity as plaintiff bringing this action on behalf of M.A.

MEMORANDUM ORDER
PAGE - 2

1   qualified as an insured under both policies.  Plaintiff tendered a claim on behalf of M.A. for UIM

2   coverage under Mr. Anderson's policies.  Defendant denied the claim on the basis that plaintiff's

3   vehicle was not listed on the policies, and coverage for M.A. was excluded under the "regular use"

4   exclusion.

5        Plaintiff filed a lawsuit in King County Superior Court against defendant challenging the

6   denial of coverage, and alleging that the denial was negligent, in bad faith, and in violation of the

7   CPA.  Defendant subsequently removed the action to this Court.

8        **B.  Summary Judgment Standard**

9        Summary judgment is proper where "the pleadings, depositions, answers to interrogatories,

10  and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

11  any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ.

12  P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).   The Court must draw all

13  reasonable inferences in favor of the non-moving party.  *See F.D.I.C. v. O'Melveny & Meyers*, 969

14  F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds,* 512 U.S. 79 (1994).  The moving party has

15  the burden of demonstrating the absence of a genuine issue of material fact for trial.  *See Anderson*,

16  477 U.S. at 257.  Mere disagreement, or the bald assertion that a genuine issue of material fact

17  exists, no longer precludes the use of summary judgment.  *See California Architectural Bldg.*

18  *Prods., Inc., v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987).

19       Genuine factual issues are those for which the evidence is such that "a reasonable jury could

20  return a verdict for the non-moving party."  *Anderson,* 477 U.S. at 248.  Material facts are those

21  which might affect the outcome of the suit under governing law.  *See id.*  In ruling on summary

22  judgment, a court does not weigh evidence to determine the truth of the matter, but "only

23  determine[s] whether there is a genuine issue for trial."  *Crane v. Conoco, Inc.*, 41 F.3d 547, 549

24  (9th Cir. 1994) (citing *O'Melveny & Meyers*, 969 F.2d at 747).

25       Washington State law is clear that the interpretation of policy language contained in an

26

MEMORANDUM ORDER
PAGE - 3

insurance contract is a question of law. *See e.g.*, *Butzberger v. Foster*, 151 Wn.2d 396, 401 (2004); *State Farm General Ins. Co. v. Emerson*, 102 Wn.2d 477, 480 (1984). Where there are no material facts in dispute, interpretation of the language at issue is appropriately decided on summary judgment. *See e.g.*, *American Bankers Ins. v. N.W. Nat. Ins.*, 198 F.3d 1332 (11th Cir. 1999). On these cross-motions, the parties agree that there are no material facts in dispute, and summary judgment is appropriate.

**C. Applicable Law**

As noted above, the instant action was removed to this Court based on diversity of the parties. Accordingly, the issues presented are governed by Washington State law. *See Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941); *Insurance Co. N. Am. v. Federal Express Corp.*, 189 F.3d 914, 919 (9th Cir. 1999) (explaining that in an ordinary diversity case, federal courts apply the substantive law of the forum in which the court is located). Neither party disputes that Washington State law is applicable in this case.

**D. UIM Coverage**

In Washington, interpretation of an insurance contract is a matter of law, which requires the Court to consider the contract in its entirety and to give effect to each policy provision. *Allstate Ins. Co. v. Peasley*, 131 Wn.2d 420, 423-24 (1997); *PUD No. 1 of Klickitat County v. International Ins. Co.*, 124 Wn.2d 789, 881 (1994). Insurance contracts are interpreted using ordinary contract interpretation principles. Generally, insurance contracts are interpreted in the manner understood by the average purchaser of the policy. *Boeing Co. v. Aetna Cas. & Sur. Co.*, 113 Wn.2d 869, 877 (1990); *State Farm Gen. Ins. Co. v. Emerson*, 102 Wn.2d 477, 480 (1984). Thus, terms contained in insurance policy are given their plain, ordinary, and popular meanings.

A policy is ambiguous only if its provisions are susceptible to two different interpretations, both of which are reasonable. *Id.* at 424; *McDonald Industries v. Rollins Leasing Corp.*, 95 Wash 2d 909, 913 (1981). In determining whether an ambiguity exists, the Court views the language the

MEMORANDUM ORDER
PAGE - 4

1    way it would be read by the average insurance purchaser, and will give any undefined terms their

2    ordinary meanings, not technical, legal meanings. *Allstate Ins.*, 131 Wn.2d at 424. Ambiguous

3    provisions are generally construed against the insurer; however, "[a]n ambiguity will not be read

4    into a contract where it can be reasonably avoided by reading the contract as a whole."

5    *Universal/Land Const. Co. v. City of Spokane*, 49 Wn. App. 634, 637 (1987).

6          Determining coverage is a two step process. The insured must show the loss falls within the

7    scope of the policy's insured losses. To avoid coverage, the insurer must then show the loss is

8    excluded by specific policy language. *McDonald v. State Farm Fire & Casualty Co.*, 119 Wn.2d

9    724, 731 (Wash., 1992); *see also Truck Ins. Exch. v. BRE Properties*, 119 Wn. App. 582 (2003). If

10   the plain language of the policy does not provide coverage, courts will not rewrite the policy to do

11   so. *Grange Ins. Co. v. Brosseau*, 113 Wn.2d 91, 100 (1989). Further, exclusions in a policy are to

12   be construed against the insurer. *West Am. Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 4 Wn. App.

13   221 (1971). However, courts will consider exclusions in insurance policies in light of the purpose

14   for which they are inserted. *See Olds-Olympic, Inc. v. Commercial Union Ins. Co.*, 129 Wn.2d

15   464, 478-79 (1996).

16         In the instant case, the parties dispute only whether the "regular use" exclusion relied upon

17   by defendant applies. That exclusion states:

18         **When Coverages U and U1 Do Not Apply**

19         **Coverages U and U1**

20         THERE IS NO COVERAGE:

21         1.       FOR ***BODILY INJURY*** TO AN ***INSURED*** OR ***PROPERTY DAMAGE***
                    WHILE AN ***INSURED*** IS OPERATING OR ***OCCUPYING***:

22         . . .

23                  b.       A MOTOR VEHICLE OWNED LEASED OR AVAILABLE

24                           FOR THE REGULAR USE OF ***YOU*** OR ANY ***RELATIVE***,

25                  IF IT IS NOT INSURED UNDER THE LIABILITY COVERAGE OF
                    THIS POLICY.

26

MEMORANDUM ORDER
PAGE - 5

1   (Dkt. #36, Ex. A at SF 328 and Ex. B at SF 379) (emphasis in originals).  This type of exclusion is

2   specifically authorized by RCW 48.22.030(2).  Defendant argues that this exclusion applies to M.A.

3   because plaintiff's car is not insured under the liability coverage under the policy, riding as a

4   passenger in the car constitutes "use," and M.A.'s "use" of the car was regular.  For the reasons

5   discussed below, this Court agrees.

6          As an initial matter, the Court notes that Washington courts have routinely held that regular

7   use exclusions such as this one are clear and unambiguous.  *Hall v. State Farm Mut. Auto. Ins. Co.*,

8   133 Wn. App. 394, 399 (2006).  This Court agrees that there is no ambiguity in the language of the

9   exclusion.  Accordingly, there is no need to construe the exclusion against either party, it is simply

10  applied.  *Spratt v. Crusader Ins. Co.*, 109 Wn. App. 944, 948 (2002).

11         The Court first turns to whether plaintiff's car was covered under the liability coverage of

12  the policies at issue.  The Court agrees with defendant that it is clear from the plain language of the

13  policy that plaintiff's car was not covered.  Under the definition set forth in the "Coverage for Use

14  of Other Cars" liability coverage extension, plaintiff's car cannot qualify as a covered "non-owned

15  car" because it was owned by a person – plaintiff – residing in the same household as Mr.

16  Anderson's relative – M.A.  (Dkt. #36, Ex. A at SF 319 and Ex. B at SF 370).  Indeed, the parties

17  have stipulated that M.A. resided in the same household as plaintiff at the time of the accident.

18         The Court next turns to the question of whether riding as a passenger in a car constitutes

19  "use."  While the Court agrees that the fact pattern here is novel, and can find no authority

20  analyzing the precise issue presented, this Court answers that question in the affirmative.  The word

21  "use" is not defined in the policy.  Thus, the Court gives the word its ordinary meaning.  However,

22  this Court does not do so blindly.  Indeed, Washington courts have defined the word "use" broadly

23  in the context of UIM policies and claims.  For example, in *Sears v. Grange Ins. Ass'n*, 111 Wn.2d

24  636 (1988), *overruled on other grounds*, *Butzberger v. Foster*, 151 Wn.2d 396 (2004), the

25  Supreme Court of Washington addressed the question of whether a passenger "uses" a vehicle for

26

MEMORANDUM ORDER
PAGE - 6

purposes of UIM coverage. The court found that a passenger was "using" the vehicle based on the four-factor test for usage set forth in *Rau v. Liberty Mut. Ins. Co.*, 21 Wn. App. 326, 324 (1978).[3] *Sears*, 111 Wn.2d at 639. The court further noted that the weight of authority from other jurisdictions supports the proposition that passengers are users of a motor vehicle. *Id.*

Plaintiff urges this Court not to rely on *Sears* or *Butzberger* because both of those cases analyzed the term "uses" in construing an inclusionary clause rather than an exclusionary clause. The Court is not persuaded. Here, as noted above, there is no need to construe the language at issue. It is clear and unambiguous, and therefore, must be applied as drafted. Accordingly, the Court agrees with defendant that the term "use" has been established under Washington law to include passengers, minor or otherwise.[4]

Finally, the parties do not appear to dispute that M.A.'s use of the car was regular. Indeed, the parties have stipulated that M.A. regularly rode as a passenger to and from school, extracurricular activities, and errands in her mother's car. Plaintiff provides no other facts or argument to the contrary. For all of these reasons, the Court finds that defendant's "regular use" exclusion precludes UIM coverage for M.A.

### E. PIP Coverage

In her motion for summary judgment, plaintiff moves for a determination of coverage under both UIM and PIP coverages. However, plaintiff raises her arguments only in terms of the UIM

---

[3] *Sears* has been overruled in one limited respect. The *Butzberger* court overruled *Sears* to the extent that it required all four factors of the *Rau* test to be met. *Butzberger*, 151 Wn.2d at 408. In *Butzberger*, the court determined that the last of the four factors, "vehicle oriented," added nothing to the analysis of the word "use" for purposes of UIM coverage, but also noted that the *Sears* court had not practically applied that factor anyway. *Id.*

[4] This interpretation is consistent with the exclusion's general purpose and the legislative intent behind UIM. Washington statute expressly permits the use of these exclusions, RCW 48.22.030(2), and Washington courts regularly enforce the exclusion in other contexts. *See, e.g., Hall v. State Farm Mut. Auto. Ins. Co.*, 133 Wn. App. 394 (2006); *Nelson v. Mutual of Enumclaw Ins. Co.*, 128 Wn. App. 72 (2005).

MEMORANDUM ORDER
PAGE - 7

1   exclusion.  As defendant notes, the UIM and PIP exclusions at issue have similar wording.  Further,

2   Washington courts regularly apply the same analysis to both types of coverage without

3   distinguishing them.  *See Hall*, 133 Wn. App. at 396; *Eddy v. Fidelity and Guaranty Ins. Co.*, 113

4   Wn.2d 168 (1989).  Therefore, the Court agrees that it is appropriate to treat them the same here.

5   For the reasons stated above, the Court finds that M.A. is also precluded from PIP coverage based

6   on the "regular use" exclusion.

7   **F.  Plaintiff's Negligence, Bad Faith and Consumer Protection Act Claims**

8        Finally, defendant argues that plaintiff's negligence, bad faith and CPA claims must be

9   dismissed if this Court finds that the exclusion applies and denial was appropriate on that basis.

10  Whether a particular action gives rise to a CPA violation is a question of law for the Court.

11  *Leingang v. Pierce County Medical Bureau, Inc.*, 131 Wn.2d 133, 150 (1997).  In order to

12  maintain a bad faith claim, plaintiff must show that the claim denial was "unreasonable, frivolous,

13  untenable or unfounded."  *Smith v. Safeco Ins. Co.*, 150 Wn.2d 478, 484 (2003); *Kirk v. Mt. Airy*

14  *Ins. Co.*, 134 Wn.2d 558, 560 (1998); *Leingang, supra,* at 155-56.  Washington courts have a long

15  history of rejecting both bad faith and CPA claims when "there is a debatable question regarding

16  coverage for the loss."  *See Capelouto v. Valley Forge Ins. Co.*, 96 Wn. App. 7, 22 (1999); *see*

17  *also Keller v. Allstate Ins. Co.*, 81 Wn. App. 624, 633 (1996).

18       As the Court has already determined, the "regular use" exclusion applies to M.A. and

19  precludes both UIM and PIP coverage.  Therefore, it was not unreasonable or unfounded for

20  defendant to rely on that exclusion when denying plaintiff's claim.  Accordingly, the Court finds that

21  plaintiff has no basis for either her bad faith or CPA claims in this case.  *See Rizzuti v. Basin Travel*

22  *Service of Othello, Inc.*, 125 Wn. App. 602, 622 (2005) (explaining that a reasonable basis for

23  denying coverage constitutes a complete defense to bad faith and CPA claims).  Furthermore, this

24  Court can find no authority allowing a cause of action for negligent denial of a UIM claim.  In any

25  event, even if such cause of action did exist in Washington, this Court has found that defendant's

26

MEMORANDUM ORDER
PAGE - 8

1  denial was neither unreasonable nor incorrect.  Accordingly, there appears to be no basis for a

2  negligence claim.  For these reasons, all of plaintiff's extracontractual claims will be dismissed.

3                                        **III. CONCLUSION**

4         Having reviewed plaintiff's and defendant's motions for summary judgment, the oppositions

5  thereto, and the remainder of the record, the Court hereby ORDERS:

6         (1)  Plaintiff's motion for summary judgment (Dkt. #28) is DENIED.

7         (2)  Defendant's motion for summary judgment (Dkt. #35) is GRANTED.  Defendant is not

8  contractually obligated to provide UIM or PIP coverage to plaintiff.  Accordingly, plaintiff's

9  negligence, bad faith and consumer protection claims are also DENIED, and this case is

10  DISMISSED in its entirety.

11        (3)  The Clerk shall forward a copy of this Memorandum Order to all counsel of record.

12        DATED this 30 day of May, 2007.

13

14                                        RICARDO S. MARTINEZ
                                          UNITED STATES DISTRICT JUDGE
15

16

17

18

19

20

21

22

23

24

25

26

MEMORANDUM ORDER
PAGE - 9